EDWARD WELCH

v.

JACOB K. ZERGER.

*Principal and Surety—Evidence — Partnership — Special Finding—
Practice—Discretion.*

1.  It is proper to exclude evidence which is irrelevant where it does not appear that other evidence will be produced to render it relevant.

2.  In an action to recover money alleged to have been paid by the plaintiff for the defendant as his surety on a note, and the value of certain stock, it is *held:* That the evidence offered by the defendant, which tended to prove that the indorsement on the back of the note was made after the commencement of the suit, was properly excluded as irrelevant; that certain ' evidence as to the amount contributed by the defendant to a partnership which had existed between the parties was also properly excluded; that the question of fact as to whether the payment was for the benefit of the defendant or for the firm was settled by the jury; and that certain items were properly treated as partnership matters.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of De Witt County; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. MOORE & WARNER, for appellant.

Messrs. GRAHAM & MONSON, for appellee.

WALL, P. J.    The appellee recovered a judgment in an action of assumpsit against the appellant for $706.14, from which an appeal is prosecuted to this court.

The items constituting the basis of recovery were money paid by appellee for appellant, as his surety on a promissory note, and the value of a cow and some pigs sold by the former to the latter, less a credit of $93.21 for sundry matters which need not be stated.    The parties had been partners in buying and selling live stock; their partnership affairs were unsettled,

and the chief matter in controversy was whether the note should not be regarded as though it were a partnership liability. It was payable to one Bennett as administrator, and was given for property purchased by appellant at administrator's sale. At the same time another note for nearly the same amount was given by appellant and signed by appellee also, for other property, which it is contended was purchased for the partnership. The latter note was paid by appellant, he supposing, as is now contended, that it was for the property purchased for himself. The first mentioned note was paid afterward by appellee, and it is now contended that when he paid it he supposed it was for the partnership property, and that as he had partnership funds which he kept with his own, he ought not to be permitted to recover the amount from appellant in this action.

The first count in the declaration was upon a note signed by appellant payable to said Bennett, for the amount, and of the date and of the same terms generally as this one, and by said Bennett indorsed and delivered to the plaintiff.

The other counts are for money paid, laid out and expended, account stated, etc. Upon the trial the plaintiff did not seek to offer the note under the first count, but offered it as a part of his proof under the count for money paid for use of defendant; and one of the errors assigned is that the court refused to permit defendant to prove that the indorsement which appears on the back of the note was made after the commencement of the suit.

The plaintiff was not relying upon the indorsement, and had not given it in evidence. Indeed, it is apparent that the note in question was not the note described in the first count, and we do not see upon what theory it was ever intended to treat this note, of which plaintiff was a joint maker, as assigned to himself. When, therefore, the defendant offered to make the proof as above stated, the court properly rejected it as irrelevant, for the indorsement was not a part of the case as made by the plaintiff, and it could not be material in the light of what was then before the court, to inquire when it was made. It is now suggested that if the proof had been

admitted, it could have been followed up by other questions which would have developed such a state of facts as that the court would have been required to instruct the jury that appellee could not recover on the first count because the note was assigned after suit brought, and that he could not recover under the common counts, because he had not paid the debt for the benefit of the plaintiff. When proof is offered which does not appear to be relevant in view of what has preceded, it is proper for counsel to state its object and purpose, and if he will undertake to produce other proof which will make that offered relevant, the court may, as a matter of discretion, admit it conditionally. There was no suggestion of this kind in the present instance, and the court could not, of course, infer that there would be any proof with which this might be connected. It is too late now to make such a suggestion, and we are not able to see even in the light of the whole case, that the proof would have been of any value; certainly it would not have induced the court to give the instruction supposed with reference to the common counts, and there was no occasion, for reasons already stated, to give it with reference to the first count.

It is further objected that the court excluded several items of evidence offered by appellant as to the amount he had contributed to the partnership and how much appellee had belonging to the firm when he paid the note in question. These were collateral matters which could not afford any aid in settling the issue before the jury, and would probably have confused the case. The court very properly ruled upon this point.

The main dispute between the parties was a question of fact, whether the payment was really for the benefit of appellant or for the firm, a mistake having been made by each party when taking up the respective notes. This was settled by the jury, and, we think, according to the evidence. At any rate we are not at all disposed to interfere with their finding in this regard.

The plaintiff offered quite a number of checks to show payments made by him to defendant, and one to Fred Huffman,

to support the count for money loaned, which defendant claimed were all on account of the partnership. The jury, by a special finding, agreed with the defendant as to these items, and did not allow the plaintiff for them. There were other items which it is now insisted should have swelled the set-off or credit of the defendant, and as to which some argument is made in the brief of appellant. It is not so apparent that injustice has been done in this respect as to warrant interposition on our part.

Among the checks offered by plaintiff, and which the jury found were partnership matters, was one for $1,474.34, which the plaintiff stated was all for money furnished on account of the partnership except $100, which latter sum was in payment of a loan made to him by appellant some months before. The plaintiff in his testimony also stated that defendant had at one time put in and shipped with the partnership cattle two cows, and that it had been usual when he had stock to ship to put it in with partnership cattle and to get what it sold for, the plaintiff taking no profit on it, and that these cows netted $84.39, which plaintiff had received but never accounted for. He had kept all funds received from the sale of stock, and in fact all partnership funds, in his own name.

The jury in their special verdict made no reference to this item nor to the item of $100 embraced in the check for $1,474.34, and from a memorandum returned with their verdict it appeared that neither of these items were taken into account in making up their verdict.

The court made it a condition of refusing the motion for new trial that the plaintiff should file a written stipulation that the defendant would be entitled upon a settlement of the partnership affairs to credit for these two items of $100 and $84.39, treating the latter as a partnership item.

It is now contended that these items were proper credits to be allowed defendant in this suit, and that the court had no authority to treat them otherwise; in other words that the verdict in this case should have been reduced by those sums. As to the $100 the objection is not well taken. It was not allowed by the jury on either side, but as it was embraced in

the check which by the special finding was determined to be a partnership affair, it was proper that defendant should be protected to that amount; and as the special finding was faulty in not stating that the amount should be deducted from the check, and as the only value of the special finding was to settle what was included in the general verdict, it is clear that by the stipulation the rights of defendant in this respect were effectually perserved, and there is no just cause for complaint. As to the item of $84.39 there is more difficulty. The jury evidently regarded it as pertaining to the partnership and under the instructions of the court did not take it into account.

The special finding of partnership items referred only to those presented by plaintiff, the instruction to make a special finding being limited to the items sued on.

The plaintiff was apparently willing to allow it as a credit against his claims, many of which were found to belong to the partnership. It is not perfectly clear whether it was in a legal sense an individual matter or not. The only statement we find in regard to it is in the plaintiff's evidence, and he merely says that the cows were put in and shipped with partnership cattle, and that in such cases the defendant always got the net result of the sale, the firm taking no profit. Presumably there was some understanding between the partners to this effect, as there often is as to such matters as, for example, where members of a trading or mercantile firm take goods for their own use at cost, the firm receiving no profit. Whether this was a mere perquisite of the partner or whether it was the real understanding that stock so put in did not become partnership property, is not easy to say, from the evidence.

The jury having considered the item as pertaining to the firm, and the court having so treated it, and the rights of the parties having been made certain and secure by the stipulation, we can not say that the conclusion reached is so manifestly wrong as to warrant us in reversing the judgment for that cause alone. No other errors are pressed upon our attention by the brief, and the judgment will be affirmed.

*Judgment affirmed.*